By the Couet.
 

 These cases are original actions in this court. A writ of mandamus is sought to compel the auditor, in the one instance, and the clerk, in the other, to issue the warrant of the municipality represented hy him in favor of the respective relators, for a sum of money averred to have become due under and by virtue of a contract entered into with the municipal authorities, the claim for which sum had been theretofore presented to the municipal council, duly allowed, and ordered paid, which warrants the auditor, in the one instance, and the clerk, in the other, refuse to issue.
 

 The relator in the Dennison case claimed to have rendered services by way of securing evidence against a party for the violation of an ordinance
 
 *562
 
 of that city prohibiting the manufacture, sale, and possession of intoxicating liquor, for which he presented a claim of $25, payable out of a fund created under the provisions of an ordinance of that city for employing detectives, paying attorney fees, and other necessary costs, to secure the enforcement of such prohibition ordinance and law.
 

 The relator in the Newtown case claimed to have entered into a contract with the mayor of that village, acting under authority of an ordinance of the village which empowered him so to do, by the terms of which he was to receive from the village compensation in an amount equal to 30 per cent, of the village’s share of fines received by the village from any and all violations of the Prohibition Law, and cases prosecuted by the relator before the mayor of the village; that pursuant thereto, and as a result of his services, the mayor turned into the secret service fund of said village, the creation of which is provided for by ordinance, the sum of $45 as the amount due the relator; and that he presented to council a written claim in said sum for such service, which was duly approved by the mayor and allowed by ordinance of the council, and the clerk was directed to draw his order in favor of the relator upon the treasurer of the village, a certificate having been filed to the effect that money to meet the same was in said fund unappropriated. These are all the averments that are material in the consideration and disposition of these cases.
 

 The issue is presented by demurrer in each case. The averments of the,petitions, showing due allowance of the respective claims and an order for their
 
 *563
 
 payment, fully meet the objection that mandamus is not the proper remedy.
 

 It is difficult to see in' what particular the municipal authorities in either of these cases exceeded the power conferred upon them by law and ordinance.In 'the exercise of the police power possessed by them, such secret service agents and assistants as the local authorities deem necessary for the preservation of the peace and the enforcement of the law may be employed and compensated for services rendered under the terms of such employment. Under the terms of such employment, moreover, Section 4214, General Code, confers full authority upon municipalities to contract for such employment, and Section 6212-37, General Code, (109 O. L., 9), specifically authorizes the use of any part of the fines realized from such prosecutions for the purpose of employing attorneys, detectives, or secret service officers to secure the enforcement of the prohibition law. There may be a difference of opinion, from the standpoint of public policy, as to the manner of computing or determining the compensation to be paid for such services, but that has nothing to do with the question of the validity of these contracts, which is the only question in issue and the only question decided.
 

 Writ allowed.
 

 Marshall, C. J., Robinson, Jones, Matthias, Day, Allen, and Conn, JJ., concur.