Matthias, J.
 

 This is an original action in mandamus in this court. Issue is made by demurrer to the petition. The facts stated are substantially as follows:
 

 Pursuant to the enactment of the necessary legislation for the construction of certain sewer improvements and sewage disposal works, the council of the village of Jefferson, Madison county, duly passed an ordinance providing for the issuance of a series of notes in anticipation of the levy of special assessments to pay the property owners’ portion of the
 
 *110
 
 cost of constructing said improvement. This ordinance provided that such notes should be issued and sold under the provisions of Section 3914, General Code, in anticipation of a levy of special assessments, and further provided that the proceeds of bonds issued in anticipation of the collection of such special assessments should be applied to the payment of said notes, and the interest thereon, and that to meet the payment of both principal and interest of said notes the full faith, credit, and revenue of said village of Jefferson should be irrevocably pledged. The notes so provided for were duly issued, being dated April 21,1927, and, according to their terms, were due October 21,1927, each of said notes specifying on its face that the same was issued in anticipation of the levy of special assessments under authority of the section of the Code and the ordinance of the village referred to.
 

 The relator, relying upon said ordinance and the performance of the obligation and duty of the village officers to levy said special assessment and issue said bonds in accordance with the provisions of said ordinance, purchased the notes, and is now the owner and holder thereof, mo part of which has been paid. The council has not levied any assessment to pay the property owners’ portion of the expenses of said sewer improvement or issued any bonds in anticipation of the collection thereof, and the officers and council of the village have failed and refused to do so or to make provision otherwise for the payment of said notes, and the village has no funds available to pay said notes and discharge its obligation thereunder.
 

 The sole question presented is whether' the facts
 
 *111
 
 stated warrant the issuance of the writ of mandamus prayed for. It is the contention of counsel for the defendants that such action can be maintained by plaintiff only after reducing its claim to the form of a judgment, and after a refusal of the village authorities to satisfy the same.
 

 Section 3914, General Code, as in force and effect when these proceedings were had, authorized municipal corporations to issue bonds in anticipation of the collection of special assessments, and expressly authorized them to borrow money and issue notes due and payable not later than two years from the date of issue in anticipation of the levy of special assessments, or of the issuance of bonds, and further provided that the proceeds of the bonds issued in anticipation of the collection of assessments and all of the assessments collected for the improvement should be applied to the payment of the notes and interest thereon until fully paid, and that thereafter said assessments should be applied to the payment of said bonds and the interest thereon. Upon the issuance and sale of said notes, an obligation rested upon the village officers to make provision for the payment thereof in the manner provided by statute. That was the duty of the municipal authorities under the law. A writ of mandamus may be issued requiring the performance of an act which the law specially enjoins as an official duty.
 

 From statements made in the petition the duty of the public officials seems plain, and no situation is therein presented calling for or admitting the exercise of discretion. Neither is the duty which the municipal authorities are called upon to perform a mere general duty relative to the payment of indebtedness of the municipality, nor does it
 
 *112
 
 appear that there is any controversy between the holders of conflicting claims.
 

 The following is stated by High on Extraordinary Legal Remedies (3d Ed.), Section 369, with reference to the remedy of mandamus in a situation such as is presented in this case: “A distinction has been taken in the application of the rule between cases where the duty devolving upon the municipal authorities is merely a general duty of providing for the payment of all indebtedness against the municipality, and cases where a special duty is made obligatory upon the corporate authorities to levy and collect a tax for a particular purpose or to meet an obligation created by a special law.”
 

 The rule applicable is stated as follows by 4 Dillon on Municipal Corporations (5th Ed.), Section 1510: “Where the law under which the debt was incurred provides for
 
 the levy of a special tax to pay it,
 
 this contract duty will be enforced by
 
 man damus,
 
 and in such a case it is no answer to the creditor’s application for this remedy that an execution has not been returned
 
 nulla bona,
 
 or that the corporation debtor may have property subject to a sale on execution.”
 

 The fact that this proceeding is in some respects the enforcement of an obligation under a contract does not in and of itself require that the action must be at law and that the remedy by mandamus is not available.
 

 “However well settled the general rule may be, it is equally well settled that a contract may create a relation upon which the law will impose rights and duties enforceable by mandamus, and where the duty imposed by contract is also one which is imposed by a public office, trust or station, it may be enforced
 
 *113
 
 by mandamus, in the absence of any other adequate remedy. This of course is not because of the contract but in spite of it. The writ will issue not because of any private rights created by the contract, but because the case is brought strictly within the rules governing the issuance of the writ in mandamus proceedings generally.” 38 Corpus Juris, 589.
 

 The question here presented is the same as would arise upon a refusal to make provision for the payment of bonds issued in anticipation of the levy and collection of special assessments. The case of
 
 State, ex rel. Robertson,
 
 v.
 
 Board of Education,
 
 27 Ohio St., 96, is one dealing with that question, and this court there held that mandamus was the proper remedy, not only to compel the board of education which had issued such bonds to appropriate moneys in the treasury, procured by levy for such purpose, to the payment of the bonds, but also to compel the levy of such tax as was necessary to complete the payment thereof. In that case the validity of the bonds was challenged, but the question of the necessity of proceeding by action at law and not by suit in mandamus was directly presented and was squarely decided, the court declaring at page 103 of 27 Ohio State that “it is to remedy the consequences arising from just such official delinquency that the writ of mandamus issues.” The principle announced in that case has been approved and applied in subsequent cases, and its application to the issue here presented is decisive, and requires that the demurrer to the petition be overruled.
 

 Demurrer overruled.
 

 Marshall, C. J., Kinkade, Jones and Day, JJ., concur.