**STITT et v STATE ex PEOPLES STATE BANK OF INDIANAPOLIS**

Ohio Appeals, 1st Dist, Warren Co

Decided Aug 4, 1931

James E. Burke and Frank Brandon, Lebanon, for plaintiffs in error.

O. E. Young, Georgetown, and Frank C. Anderson, Lebanon, for defendant in error.

**ROSS, P.J.**

The contentions that the bank was guilty of collusion and fraud with the contractors Cole and Moore, and that it was not a **bona fide** holder of the notes in due course, are wholly unsupported by evidence; there being no scintilla of evidence supporting such insinuation.

Counsel for the respondents were permitted the utmost freedom in cross-examination. A great amount of this was wholly without any justification. The court in its desire to be fair gave the respondents every opportunity to destroy the **bona fide** character of the transaction with the bank, if possible. In spite of such opportunity, the respondents completely failed to show anything indicating that the bank was other than a **bona fide** holder of the notes in due course, having paid full value for same.

A number of irregularities have been

mentioned, none of which we consider sufficient to offset the definite certificates of the officials of the village that the procedure was in all respects regular.

It is unnecessary to cite the many authorities holding that such certificates are binding upon the municipality when the instruments of obligation are held by innocent holders for value.

In the instant case the village was paid in full for the notes and has received that for which the indebtedness was incurred.

We quote from the opinion of the Supreme Court in the case of **State ex Bowman v Board of Commrs. of the County of Allen, 124 Oh St, 174, at pages 199 and 200,** 177 NE, 271, 279, decided June 17, 1931:

"It is contended by defendants, however, that above do not apply here because-in the instant case the improvement is a purely private one. Many authorities have been cited on that proposition, but an examination of them will disclose that in every instance where the taxpayers have prevailed there was an attack upon the improvement itself, and not a defense made to the bonds after they were issued and purchased by innocent holders. It is believed that not a single respectable authority can be found where the purpose was avowedly a public one, and the improvement was completed, and the obligations of the taxing subdivision had been issued to, and were owned by, innocent holders. The only instances which have been brought to our notice where the taxpayers have successfully defended against bonds were those where the law itself which authorized the improvement was an unconstitutional exercise of legislative power.

"It is not seriously contended in the instant case that the proceedings leading up to the improvement and the issuing of bonds were irregular, or that the statutory provisions have not been faithfully met. If any procedural steps have been disregarded, they have been cured by the issuance of bonds containing the necessary recitals of the lawful purposes for which they have been issued, which bonds have therefore become incontestable by reason of the provisions of §2293-37 **GC.**"

In the instant case injunction proceedings were commenced against proceeding with the improvement, and a temporary restraining order was issued against executing the notes. After a hearing this order was dissolved, the record herein showing that the court found that the proceedings were in all respects regular. Immediately after the dissolution of the injunction, the notes were signed. We are not advised from the record why the injunction proceeding was not prosecuted further. **State ex Huntington National Bank v Putnam, Mayor, 121 Oh St, 109,** 167 NE, 360, is authority for the relief sought.

We are compelled to hold that there is no valid reason why the writ should not issue. The judgment of the Court of Common Pleas of Warren County is therefore affirmed.

HAMILTON and CUSHING, JJ, concur.