[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 404.]

THE STATE EX REL. MS. PARSONS CONSTRUCTION, INC. *v*. MOYER, CITY AUD.,

ET AL.

[Cite as *State ex rel. Ms. Parsons Constr., Inc. v. Moyer*, 1995-Ohio-241.]

*Mandamus to compel Zanesville Auditor and Treasurer to pay contractor for work on storm sewer construction contract that included authorized contract modifications which increased amount due—Writ granted, when.*

(No. 94-1743—Submitted April 24, 1995—Decided June 28, 1995.)

IN MANDAMUS.

―――――――――――――

{¶ 1} The city of Zanesville entered into a contract with relator, Ms. Parsons Construction, Inc., to construct a storm sewer system for the total amount of $124,549.04.  The contract was approved by the board of control and the law director.

{¶ 2} Zanesville Public Service Director David F. Zulandt served as the city's agent and representative for the storm sewer system contract.  As the city's agent, Zulandt's role was to determine if and when the work had been satisfactorily completed.  As agent and representative of the city, Zulandt approved each and every alteration in the contract.   The contract modifications were required because it was impossible to install the storm sewer system in precise accordance with the engineer's initial  drawings.  Zulandt, the mayor, city council, and the project engineer approved relator's request for a change order increasing the total contract price by $26,327 for additional work.

{¶ 3} After completing the project, Zulandt approved relator's application and certificate for payment of $150,876.04.  Respondent City Auditor M. Margo Moyer did not approve payment to relator because she did not believe that relator had fulfilled the contract.  Respondent City Treasurer Walter K. Norris has never

received an unsigned check with a purchase order from Moyer regarding the sewer system project.

**{¶ 4}** Relator instituted this action seeking a writ of mandamus to compel Moyer and Norris to pay $150,876.04 for its work on the storm sewer construction contract.

———————————

*Vorys, Sater, Seymour & Pease*, *Bruce L. Ingram* and *Philip F. Downey*, for relator.

*Thomas R. Bopeley*, Zanesville Law Director, for respondents.

———————————

***Per Curiam.***

**{¶ 5}** In order to be entitled to a writ of mandamus, relator has to establish that it possesses a clear legal right to the payment of $150,876.04, that Moyer and Norris have a clear legal duty to pay relator, and that relator has no plain and adequate remedy in the ordinary course of law. *State ex rel. Carter v. Wilkinson* (1994), 70 Ohio St.3d 65, 637 N.E.2d 1.

**{¶ 6}** In *State ex rel. Horvitz Co. v. Riebe* (1975), 47 Ohio App.2d 339, 1 O.O.3d 399, 354 N.E.2d 708, the Court of Appeals for Cuyahoga County held that a writ of mandamus was appropriate to compel certain city officials to pay when it had been stipulated that the relator fully performed a construction contract it had with the city of Cleveland, and that all necessary approvals by city officials required under the contracts had been obtained. Similarly, this court has allowed mandamus relief to compel auditors and other officials to issue warrants for the payment of money due from the state or its political subdivisions under a public contract. See, *e.g.*, *State ex rel. Allen v. Ferguson* (1951), 155 Ohio St. 26, 44 O.O. 63, 97 N.E.2d 660; *State ex rel. Balser v. Bowen* (1924), 111 Ohio St. 561, 146 N.E. 108; *State ex rel. Ross v. Donahey* (1916), 93 Ohio St. 414, 113 N.E. 263.

{¶ 7} Here, it is uncontroverted that relator entered into a construction contract with the city of Zanesville. Under R.C. 735.02, Zulandt, as public service director, had the duty of supervising the sewer construction project. The contract and change order were approved by the appropriate city officials. Respondents acknowledged that Zulandt was the city's agent for purposes of determining if and when the construction project was satisfactorily completed. Zulandt approved relator's request for payment of $150,876.04.

{¶ 8} Despite the foregoing essentially uncontested evidence, respondents claim that mandamus is inappropriate because city auditors and treasurers possess discretion to refuse payment under R.C. 733.01 and 733.13. However, as relator notes, R.C. 733.01 merely designates the executive branch of municipalities and does not vest any unspecified discretionary power in auditors and treasurers to refuse payment due under a public contract.

{¶ 9} R.C. 733.13 provides that "[w]hen any claim is presented to the auditor or clerk, he may require evidence that such amount is due, and for this purpose may summon any agent, clerk, or employee of the municipal corporation, or any other person, and examine him upon oath or affirmation concerning such voucher or claim." R.C. 733.13 vests city auditors with limited discretion to require evidence that the amount is due by requesting testimony under oath or affirmation of municipal agents, clerks, or employees. However, Moyer conceded that she never summoned anyone to present testimony or requested any affidavits concerning the construction project. She further admitted that she never talked to Zulandt about the contract, although she acknowledged that he was the municipal officer responsible for determining if and when the project was satisfactorily completed. In addition, the contract "breaches" alleged by respondents are not substantiated by the evidence and do not warrant a reduction in the sum due.

{¶ 10} Under these circumstances, respondents possess nothing more than a ministerial duty to allow relator to be paid under the construction contract as

modified by the change order approved by the mayor, public service director, city council, and contract engineer. Therefore, relator has established a clear legal right to payment of $150,876.04 and a clear legal duty on the part of respondents to pay relator.

{¶ 11} Respondents also assert that a writ of mandamus should not be issued, since relator possesses an adequate remedy at law via a breach of contract action. "Underlying public duties having their basis in law provide ready support for the grant of mandamus, although the action is stated as one to enforce contract obligations." (Footnotes omitted.) 1 Antieau, The Practice of Extraordinary Remedies (1987) 335, Section 2.32. Ohio has recognized that the mere fact that a proceeding is in some respects the enforcement of a contractual obligation does not in and of itself require that the action be in contract rather than mandamus. *State ex rel. Huntington Natl. Bank v. Putnam* (1929), 121 Ohio St. 109, 112, 167 N.E. 360, 361. Where a duty is based upon both contract and law, mandamus is appropriate despite the availability of another action at law. *State ex rel. Cope v. Cooper* (1930), 122 Ohio St. 321, 326-327, 171 N.E. 399, 401.

{¶ 12} Respondents' duty to pay relator the amount due did not arise solely from the contract. Instead their ministerial duty to pay arose from law, where the appropriate city officials determined that relator completely and satisfactorily performed the contract, Moyer did not invoke her limited statutory investigative authority to obtain evidence indicating that payment to relator was improper, and the evidence establishes that relator's performance was not deficient. A breach of contract action would not be a plain and adequate remedy in the ordinary course of law because relator is not being damaged solely due to a breach of contract, but also due to a failure of public officers to perform official acts which they are under a clear legal duty to perform. See *State ex rel. Montrie Nursing Home, Inc. v. Aggrey* (1978), 54 Ohio St.2d 394, 397, 8 O.O.3d 401, 403, 377 N.E.2d 497, 499;

*State ex rel. Bossa v. Giles* (1980), 64 Ohio St.2d 273, 276, 18 O.O.3d 461, 462-463, 415 N.E.2d 256, 258.

{¶ 13} Based on the foregoing, the availability of a breach of contract action does not bar the issuance of a writ of mandamus under the particular circumstances at bar.  Accordingly, relator is granted a writ of mandamus compelling payment of $150,876.04 by respondents.

*Writ granted.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____