THE STATE EX REL. LEVIN, APPELLANT, *v.* SCHREMP,
SERVICE DIRECTOR, APPELLEE.

[Cite as *State ex rel. Levin v. Schremp* (1995), 73 Ohio St.3d 733.]

(No. 95–341—Submitted July 26, 1995—Decided October 11, 1995.)

Arnold S. Levin, pro se.

Timothy T. Smith, Sheffield Lake Law Director, for appellee.

*Per Curiam.* Levin asserts in his first proposition of law that the court of appeals erred in granting Schremp's motion for summary judgment and denying his request for a writ of mandamus on the basis that Levin possesses an adequate remedy at law.

In order to be entitled to a writ of mandamus, Levin had to establish that he has a clear legal right to removal of the enclosure of Day Ditch, that Schremp has a clear legal duty to remove the enclosure, and that Levin has no adequate remedy at law. In addition, Civ.R. 56(C) provides that before summary judgment is granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 218–219, 631 N.E.2d 150, 152.

The court of appeals determined that because the city uses and manages Day Ditch as part of its storm sewer system, the city has a clear legal duty to exercise reasonable care in order to keep the ditch in repair and free from obstruction. The court of appeals did not decide whether "Sheffield Lake breached its duty or caused any damages to Levin's property" because it determined that Levin was not entitled to a writ of mandamus based on the summary judgment evidence that he has an adequate remedy at law, *i.e.*, "[h]e could sue the city for negligently causing damage to his property by failing to exercise reasonable care."

A writ of mandamus will not be issued when there is a plain and adequate remedy in the ordinary course of law. R.C. 2731.05. In order for there to be an adequate remedy at law, the remedy must be complete, beneficial, and speedy. *State ex rel. Horwitz v. Cuyahoga Cty. Court of Common Pleas, Probate Div.* (1992), 65 Ohio St.3d 323, 328, 603 N.E.2d 1005, 1009.

The court of appeals cited *Doud v. Cincinnati* (1949), 152 Ohio St. 132, 39 O.O. 441, 87 N.E.2d 243; *Portsmouth v. Mitchell* (1925), 113 Ohio St. 250, 148 N.E. 846; and *Kendle v. Summit Cty.* (Apr. 15, 1992), Summit App. No. 15268, unreported, 1992 WL 80074, to support its determination that a private action for damages constitutes an adequate remedy at law precluding extraordinary relief via mandamus. However, none of the foregoing cases holds that the specified damage action precludes mandamus relief where relief in the nature of a mandatory injunction rather than damages is sought.

While mandamus may not ordinarily be employed as a substitute for an action at law to recover money, *Maloney v. Sacks* (1962), 173 Ohio St. 237, 238, 19 O.O.2d 51, 52, 181 N.E.2d 268, 269, underlying public duties having their basis in law may be compelled by a writ of mandamus. *State ex rel. Ms. Parsons Constr., Inc. v. Moyer* (1995), 72 Ohio St.3d 404, 406, 650 N.E.2d 472, 474; see, also, 1 Antieau, The Practice of Extraordinary Remedies (1987) 295, Section 2.03 ("rights are enforceable in mandamus when the defendant is under a *public* duty to perform the act demanded." [Emphasis *sic.*] ). Likewise, a mandatory injunction compelling Schremp to perform the requested actions does not preclude Levin's mandamus action, since a mandatory injunction, which is an extraordinary remedy, does not constitute an adequate remedy in the "ordinary" course of the law. *State ex rel. Zupancic v. Limbach* (1991), 58 Ohio St.3d 130, 133, 568 N.E.2d 1206, 1209; *State ex rel. Fenske v. McGovern* (1984), 11 Ohio St.3d 129, 11 OBR 426, 464 N.E.2d 525, paragraph one of the syllabus. Since Schremp seeks relief in the nature of a mandatory injunction to enforce alleged public duties rather than damages to his private property, the court of appeals erred in holding that a suit by Levin for damages to his private property is an adequate remedy at law.

Schremp asserts that the court of appeals' grant of his summary judgment motion and denial of Levin's requested writ of mandamus were nevertheless justified. A reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof. *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 92, 637 N.E.2d 306, 309.

Schremp claims that Levin did not establish a proper statutory taxpayer action. "In case an officer or board of a municipal corporation fails to perform any duty expressly enjoined by law or ordinance, the village solicitor or city director of law shall apply to a court of competent jurisdiction for a writ of mandamus to compel

the performance of the duty." R.C. 733.58. If the village solicitor or city director of law fails upon the written request of a taxpayer to file a mandamus action under R.C. 733.58, the taxpayer may file such action on behalf of the municipal corporation. R.C. 733.59.

Schremp's contention fails for two separate reasons. Initially, even if Levin's suit is not a proper statutory taxpayer action, he still might be entitled to a writ of mandamus, but without attorney fees under R.C. 733.61. See *State ex rel. Caspar v. Dayton* (1990), 53 Ohio St.3d 16, 20–21, 558 N.E.2d 49, 53–54; *State ex rel. Citizens for a Better Portsmouth v. Sydnor* (1991), 61 Ohio St.3d 49, 54, 572 N.E.2d 649, 652.

Second, to maintain a statutory taxpayer action under R.C. 733.59, the taxpayer's aim must be to enforce a public right, regardless of any personal or private motive or advantage. *State ex rel. Caspar, supra*, 53 Ohio St.3d at 20, 558 N.E.2d at 53. Although Schremp raises the claim on appeal that Levin merely asserted a private right, Levin's summary judgment evidence included his affidavit, in which he states that the obstruction in Day Ditch causes periodic flooding of Lake Road that necessitates the rerouting of traffic.

The court of appeals erred in entering summary judgment in favor of Schremp and denying the writ of mandamus. Therefore, Levin's first proposition is sustained.

Levin asserts in his second proposition of law that the court of appeals erred in overruling his motion for summary judgment. The Sheffield Lake Service Director is charged with the construction, improvement, repair, and maintenance of sewers, sewage systems, ditches, and culverts belonging to the city and dedicated to public use. Section 5, Article V, Sheffield Lake Charter. See, also, R.C. 735.02.

The pertinent city ordinances in effect at the time Jordan enclosed the ditch provided:

"905.01 CONDUITS REQUIRED.

"No * * * construction shall be placed or maintained that extends over or across any gutter, ditch, sewer or other drain located upon any public thoroughfare or way within the Municipality unless an adequate conduit to insure the free passage of drainage water * * * is * * * placed in or under such * * * construction so as to insure the free and unobstructed passage of drainage water.

"905.02 MATERIALS; APPROVAL.

" * * * [N]o conduit shall be so placed in any * * * construction over or across a gutter, ditch, sewer or other drain providing for local drainage on or along a public thoroughfare unless such conduit is constructed of reinforced concrete, not

less than ten inches in diameter and is not less than sixteen feet in length if designed for pedestrian traffic."

"905.04 OBSTRUCTIONS.

"No person shall obstruct or maintain an obstruction of any established ditch, gutter, sewer or other drain which is located on or upon any established public drainage within the Municipality."

The foregoing ordinances were substantially similar at the time of Levin's mandamus proceeding in the court of appeals. Under Section 905.05 of the Codified Ordinances of Sheffield Lake, the Superintendent of Roads and Sanitation is authorized and directed to summarily correct a violation of any of the ordinances in Chapter 905. The superintendent is under the direct supervision of Service Director Schremp. Section 145.01(a) of the Codified Ordinances of Sheffield Lake.

Levin claims that the evidence is uncontroverted that Schremp failed to perform his duties under the foregoing ordinances to remove the enclosure of Day Ditch on Jordan's property. However, Schremp's summary judgment evidence included his affidavit, in which he stated: (1) since he has been service director, the city has experienced no difficulties with the drainage system as a result of Jordan's enclosure of Day Ditch and installation of pipe, (2) the closing of the ditch and pipe installation did not violate any ordinance or other law, (3) the ditch is a functioning component of the city's storm drainage system that was lawfully installed and closed, and (4) Day Ditch in its present condition has not, does not, and will not interfere with the free flow of storm water in and through the city's storm drainage system. In addition, engineer Walter A. Nickel stated in an affidavit that there have not been any major problems with the storm sewer at issue and that the portion of Day Ditch enclosed on Jordan's property ranks relatively high in comparison to other city storm sewer systems.

Construing the evidence presented in the court of appeals most strongly in favor of Schremp, genuine issues of material fact remain as to Levin's entitlement to a writ of mandamus, including whether the pipe installed by Jordan constitutes "an adequate conduit * * * to insure the free and unobstructed passage of drainage water." Levin's second proposition of law is overruled.

Similarly, when construing the evidence most strongly in Levin's favor, it is apparent that Schremp was not entitled to summary judgment. Although Schremp cites Section 905.02 to contend that the pipe installed by Jordan was adequate, the diameter and length specified in that section evidently refer to a "minimum" specification and apply only to constructions "designed for pedestrian traffic," which the Jordan enclosure was not. There is also evidence of flooding, from Levin's affidavit as well as the 1974 opinion of engineer and surveyor

McGlinchy that a substantially larger pipe than the one installed by Jordan was required to adequately transport the estimated storm water runoff.

Since summary judgment for neither party is appropriate, the judgment of the court of appeals is reversed, and the cause is remanded to the court of appeals for further proceedings. See Loc.App.R. 2(C) of the Ninth Appellate District, which expressly provides for evidentiary hearings before a referee in original actions.[1]

*Judgment reversed
and cause remanded.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., not participating.

---

1. In *State ex rel. Levin v. Sheffield Lake* (1994), 70 Ohio St.3d 104, 637 N.E.2d 319, we affirmed the court of appeals' denial of extraordinary relief to Levin and others, *inter alia,* to compel a common pleas court judge to require the city to commence appropriation proceedings for their property allegedly damaged by Jordan's enclosure of Day Ditch. We held that a previously filed action in the common pleas court for damages and for a writ of mandamus compelling the city to commence appropriation proceedings constituted an adequate remedy at law. *State ex rel. Levin* does not bar Levin's mandamus action at issue in this appeal, and there is no argument to this effect by either party or the court of appeals.