OPINION
{¶ 1} James Terry appeals from a judgment of the Greene County Court of Common Pleas, Juvenile Division, awarding permanent custody of his son, J.T, and his daughter, N.T., to the Greene County Children's Services Board (GCCSB). Terry contends that the trial court erred in awarding permanent custody of J.T. and N.T. to GCCSB, because GCCSB failed to demonstrate, by clear and convincing evidence, that the children could not be placed with him within a reasonable time in accordance with R.C.2151.414(B)(1)(a).
 {¶ 2} We conclude that the findings the trial court made necessarily imply that the children were in the custody of the GCCSB agency at least twelve months out of a consecutive twenty-two month period ending on or after March 18, 1999, which finding, together with the trial court's finding that it is in the best interests of the children that their custody be awarded to the GCCSB, for which finding there is support in this record, provides an independent basis for the award of permanent custody to the GCCSB, pursuant to R.C. 2151.414(B)(1)(d). Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} James Terry and Donna Raikes are the natural parents of J.T. and N.T. Terry and Raikes were never married, but lived together in Florida with their two children. Terry's mother, Jackie Sweitzer, testified that in 1998, Terry was incarcerated. Sweitzer testified that approximately one year after Terry's incarceration, Raikes called her and asked her to drive to Florida to pick up J.T. and N.T. Sweitzer testified that she went to Florida and picked up the children and brought them back to Ohio to live with her and her husband, Terry's stepfather. Sweitzer testified that on several occasions, Raikes would leave the children for an indefinite period of time and then pick them up from her home in Ohio.
 {¶ 4} Due to the disruption in the children's lives, Sweitzer contacted the Greene County Children's Services Board (GCCSB) through the police and brought J.T. and N.T. to GCCSB in June, 2001. The Greene County Court of Common Pleas, Juvenile Division, granted an emergency order of custody of J.T. and N.T. to GCCSB. After a hearing, the trial court temporarily committed the children to the interim custody of GCCSB. J.T. and N.T. were placed in a certified foster home.
 {¶ 5} In July, 2001, the trial court found that J.T. and N.T. were dependent, as alleged in the complaint made by GCCSB, and the trial court ordered that custody be awarded to GCCSB. J.T. and N.T. were placed in a new foster home in July, 2001, and then again in September, 2001, with their current foster family. In July, 2001, GCCSB developed a case plan with the goal of reunification, which was later amended on several occasions. The case plans allowed visitation between the children and Terry as follows:
 {¶ 6} "[J.T.] and [N.T.] are allowed to speak to their father on the phone while visiting with their grandmother if their grandmother is monitoring the call. [J.T.] and [N.T.'s] father is serving a life sentence in a federal prison * * *."
 {¶ 7} Terry did have phone visitation with J.T. and N.T., which was monitored by Sweitzer at her home.
 {¶ 8} In May, 2002, GCCSB filed a motion to extend the temporary commitment of the children to GCCSB. After a hearing, the trial court ordered that it was in the best interest of J.T. and N.T. that custody remain with GCCSB.
 {¶ 9} In May, 2003, GCCSB filed a motion requesting a modification of the temporary commitment of J.T. and N.T. to an order of permanent commitment of the children to GCCSB. After a hearing, the trial court granted permanent custody of J.T. and N.T. to GCCSB in January, 2004, making the following pertinent findings of fact:
 {¶ 10} "1. [J.T.], born 9/9/92, and [N.T.], born 12/12/94, are the natural children of James Michael Terry and Donna Raikes. Mr. Terry and Ms. Raikes were never married to each other. These individuals lived as a family unit since the birth of the children, for several years in the state of Florida. Mr. Terry loved and cared for his children.
 {¶ 11} "2. In 1998, Mr. Terry was incarcerated on a federal offense and has been serving a federal sentence since said date. He received a sentence of thirty years to life as a `career offender', which is now under appeal.
• * *
 {¶ 12} "5. On July 18, 2001, the children were adjudicated dependent. Temporary custody of [J.T.] and [N.T.] was granted to Greene County CSB. The children have been in the agency's temporary custody since said date.
• * *
 {¶ 13} "9. Ms. Raikes has demonstrated a lack of commitment toward the children by failing to regularly support, visit or communicate with the children when able to do so. Her intermittent involvement has been detrimental to their well being.
 {¶ 14} "10. Jackie Sweitzer has not sought custody because her husband does not want to take on the responsibility of raising two young children. There are no other relative placements available.
 {¶ 15} "11. The children cannot and should not be returned to Ms. Raikes within a reasonable period of time.
 {¶ 16} "12. The children have been in their current foster placement since September 28, 2001. This is a loving, nurturing environment for them. The children have shown significant improvement in their behavior, self-esteem and school performance since being in this placement. The foster parents are interested in adopting [J.T.] and [N.T.].
 {¶ 17} "13. The children cannot be placed with Mr. Terry within a reasonable period of time.
 {¶ 18} "14. The children have expressed to their therapist and the guardian ad litem their desire to be adopted by their foster parents. [J.T.] would like to have some contact with his father.
 {¶ 19} "15. It is in the best interest of the children that they be placed into the permanent custody of the agency."
 {¶ 20} From this judgment of the trial court awarding permanent custody of J.T. and N.T. to GCCSB, Terry appeals.
 II {¶ 21} Terry's first and second assignments of error are as follows:
 {¶ 22} "The trial court's judgment amounts to plain error as it relies excessively on inadmissable evidence in finding that the appellant was incarcerated and would not be available to care for his minor children for eighteen months after the filing of the motion for permanent custody and in concluding that the minor children could not or should not be placed with the appellant within a reasonable period of time.
 {¶ 23} "The trial court erred in its judgment granting permanent custody of the terry children to the green county children services board because the agency failed to prove by clear and convincing evidence that the terry children could not or should not be placed with appellant within a reasonable period of time."
 {¶ 24} Because Terry presents similar and related arguments under both assignments of error, we will address them together. Terry contends that the trial court erred in awarding permanent custody of his children, J.T. and N.T., to GCCSB.
 {¶ 25} R.C. 2151.414(B)(1) provides that "the court may grant permanent custody of a child to a movant if the court determines at the hearing * * *, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 26} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
• * *
 {¶ 27} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
 {¶ 28} "For the purposes of division (B)(1) of this section, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home."
 {¶ 29} Terry contends that the trial court erred in awarding permanent custody of J.T. and N.T. to GCCSB, because GCCSB failed to demonstrate, by clear and convincing evidence, that the children could not be placed with him within a reasonable time as required by R.C. 2151.414(B)(1)(a).
 {¶ 30} R.C. 2151.414(E)(12) states that if the trial court determines, by clear and convincing evidence, at a hearing that "[t]he parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing," the court shall enter a finding that the child cannot be placed with the parent within a reasonable time.
 {¶ 31} Terry contends that GCCSB failed to present clear and convincing evidence that Terry was incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the children and that he would not be available to care for the children for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing. Terry contends that the trial court's finding that Terry received a sentence of thirty years to life as a career offender was supported by inadmissible evidence, not competent, credible evidence. Terry contends that he will be released from prison within eighteen months of the dispositional hearing on the motion for permanent custody, and therefore, his children could be placed with him within a reasonable time.
 {¶ 32} GCCSB contends that it does not rely on R.C.2151.414(B)(1)(a), but that it relies on R.C. 2151.414(B)(1)(d). GCCSB contends that the trial court did not err in awarding permanent custody of J.T. and N.T. to GCCSB, because it presented clear and convincing evidence that it was in the best interest of the children to grant permanent custody of the children to GCCSB and that the children have been "in the temporary custody of one or more public children services agencies * * * for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999," in accordance with R.C. 2151.414(B)(1)(d).
 {¶ 33} Pursuant to R.C. 2151.414(B)(1), "a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home." The record shows that J.T. and N.T. were removed from their home on June 18, 2001. Sixty days after June 18, 2001 would be August 18, 2001. The record also shows that the children were adjudicated on July 18, 2001. Given that July 18, 2001, is the earlier of the dates, the children are considered to have entered the temporary custody of GCCSB on July 18, 2001.
 {¶ 34} When GCCSB filed a motion requesting a modification of the temporary commitment of J.T. and N.T. to an order of permanent commitment of the children to GCCSB on May 29, 2003, the children had been in the temporary custody of GCCSB for twenty-two months. When the first hearing was held on the motion on December 22, 2003, the children had been in the temporary custody of GCCSB for twenty-nine months. We conclude that J.T. and N.T. have been in the temporary custody of GCCSB, a public children services agency, for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, in accordance with R.C. 2151.414(B)(1)(d).
 {¶ 35} The trial court did not specifically state whether it relied on subsection (a) or subsection (d) of R.C. 2151.414(B)(1) as the basis of its decision. The trial court did determine that the children could not be placed with either Terry or Raikes within a reasonable time as required by subsection (a) of R.C.2151.414(B)(1). However, the trial court also found that the children were adjudicated dependent on July 18, 2001 and that the children had been in GCCSB's temporary custody since July 18, 2001. Although it did not specifically find that the children had been in the temporary custody of GCCSB for twelve or more months of a consecutive twentytwo month period ending on or after March 18, 1999, this finding is necessarily implied by the findings the trial court did make.
 {¶ 36} Even if the trial court did incorrectly determine that the children could not be placed with Terry within a reasonable time, as required by R.C. 2151.414(B)(1)(a), that does not preclude us from finding that the trial court's decision is nevertheless correct. "A reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof." State ex rel. Levin v. Schremp
(1995), 73 Ohio St.3d 733, 735, 654 N.E.2d 1258, citation omitted.
 {¶ 37} Because the record reflects that J.T. and N.T. have been in the temporary custody of GCCSB, a public children services agency, for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, in accordance with R.C. 2151.414(B)(1)(d), we conclude that the requirements of R.C. 2151.414(B)(1) are met in this case. We conclude that the trial court did not err in awarding permanent custody of Terry's children, J.T. and N.T., to GCCSB.
 {¶ 38} Terry's first and second assignments of error are overruled.
 III {¶ 39} Both of Terry's assignments of error having been overruled, the judgment of the trial court is affirmed.
Wolff and Grady, JJ., concur.