[Cite as *State ex rel. Bazetta Twp. v. Yoder*, 2025-Ohio-4915.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO ex rel.
BAZETTA TOWNSHIP,

      Relator-Appellee,

- vs -

MARTHA C. YODER,
TRUMBULL COUNTY AUDITOR,

      Respondent-Appellant.

CASE NO. 2025-T-0024

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2024 CV 02053

---

## OPINION AND JUDGMENT ENTRY

Decided: October 27, 2025
Judgment: Affirmed

---

*Cherry Lynne Poteet*, 193 Beechwood Road, New Wilmington, PA 16142 (For Relator-Appellee).

*Aaron M. Glasgow*, Isaac Wiles Burkholder & Miller, LLC, Two Miranova Place, Suite 700, Columbus, OH 43215 (For Respondent-Appellant).

MATT LYNCH, J.

{¶1} Relator-appellee, Bazetta Township ("the Township"), brought this original action in mandamus against respondent-appellant, Martha C. Yoder, the Trumbull County Auditor ("the Auditor"), in the Trumbull County Court of Common Pleas. The controversy stems from the distribution of tax dollars owed to the Township into a bank account not owned by the Township. The trial court granted the Township's request for a writ of mandamus and ordered the Auditor to issue a warrant or electronic funds transfer to the Township in the amount of $80,857.18 plus statutory interest. Neither the trial court nor

this court makes any determination as to the alleged negligence of either party. Our decision is strictly a legal one, based solely on the application of relevant statutes. For the reasons stated herein, we affirm.

## Factual Background

{¶2} The Township is a subdivision, or taxing unit, within Trumbull County, Ohio, with the authority to levy taxes on the property within its district. *See* R.C. 5705.01(A) and (H). "All taxes levied on property shall be extended on the tax list and duplicate by the county auditor of the county in which the property is located, and shall be collected by the county treasurer of such county in the same manner and under the same laws and rules as are prescribed for the assessment and collection of county taxes." R.C. 5705.03(C).

{¶3} The Township's trustees, by Resolution 069-24 adopted on June 11, 2024, authorized the Township's Fiscal Officer ("the Fiscal Officer") to request advance payments from the Trumbull County treasury for the Township's 2023 second-half real estate taxes. *See* R.C. 321.34. In August 2024, the Trumbull County Treasurer ("the Treasurer") settled with the Auditor the taxes and assessments collected since the February 2024 settlement for all taxing authorities in Trumbull County, including the Township. *See* R.C. 321.24(C) and 321.31.

{¶4} Unbeknownst to anyone at the time, cybercriminals had hacked into the Fiscal Officer's email account when multi-factor authentication was not in use. This email account was then used by the cybercriminals to communicate with the Auditor's office and request the Township's bank for deposits be changed from Huntington Bank to Green Dot Bank. Based on the emails, an employee in the Auditor's office changed the

Township's banking information and, over several weeks, electronically deposited into the Green Dot Bank account over $160,000.00 owed to the Township. The Township did not own an account at Green Dot Bank. The Township discovered the fraud when it had not received their tax distributions by the end of the month. Law enforcement was notified, and all but $80,857.18 of the deposited funds were recovered. The Auditor has refused to issue a warrant for additional funds to cover the loss.

{¶5} The Township filed its mandamus complaint in November 2024, requesting a writ ordering the Auditor to pay the Township $80,857.18 in tax revenue, as follows:

| | |
|---|---|
| Gasoline Excise Tax (Aug. 2024) | $12,523,87 |
| Local Government Funds (Aug. 2024) | $6,025.71 |
| "HB 64" Supplemental Funds (Aug. 2024) | $522.33 |
| Manufactured Home Tax (SH2024) | $1,062.36 |
| Motor Vehicle License Tax (July 2024) | $722.91 |
| Real Estate Tax Advance (Aug. 16) | $45,000.00 |
| Real Estate Tax Advance (Aug. 23) | $15,000.00 |

{¶6} Relying on R.C. 321.24(C), 321.31, and 321.34, the Township alleged that it has a clear legal right to receive the tax money collected from Township residents, that the Auditor has a corresponding clear legal duty to pay the tax money to the Township, and that the Auditor's statutory duty is enforceable in mandamus. The Auditor answered and asserted multiple defenses, including (1) the mandamus claim is moot because she has completed her statutory duty; (2) she is entitled to immunity under R.C. Chapter 2744.; and (3) the Township's damages are the result of the negligent, reckless, and/or intentional conduct of the Township's Fiscal Officer, for which the Fiscal Officer is liable under R.C. 507.14.

{¶7} The Auditor filed a motion for judgment on the pleadings, in which she raised the above defenses and additionally argued that the Township used "creative

pleading" to allege a tort claim for "negligence," but she is immune from a negligence claim under R.C. 2744.02(A) as a matter of law. This motion was implicitly denied, as the trial court did not issue a separate ruling before issuing its final decision in the matter. *See State ex rel. Cassels v. Dayton City School Dist. Bd. of Educ.*, 69 Ohio St.3d 217, 223 (1994) ("when a trial court fails to rule upon a pretrial motion, it may be presumed that the court overruled it").

{¶8} On April 23, 2025, following the parties' submission of written arguments and verified exhibits, the trial court issued findings of fact and conclusions of law. The court found the Auditor admits that $80,857.18 is the accurate amount of funds she was obligated by law to pay to the Township, and the Auditor cannot withhold these funds from the Township where they were released to a fraudulent account due to cybercrime. The court concluded the Township has a clear legal right to receive the $80,857.18 in tax dollars, the Auditor has a corresponding clear legal duty to issue a warrant or electronic funds transfer to the Township for the $80,857.18 in tax dollars collected by Trumbull County and the State of Ohio for the Township, and the mandamus action is appropriate because the Township does not have an adequate remedy in the ordinary course of the law. Accordingly, the trial court granted the Township's request for a writ of mandamus and ordered the Auditor to issue a warrant or electronic funds transfer to the Township in the amount of $80,857.18 plus statutory interest.

{¶9} The Auditor raises three assignments of error from this decision:

[1.] The Trial Court erred in granting a writ of mandamus, as the undisputed evidence established that Appellant already performed the function at issue, making Appellee's claim for mandamus moot as a matter of law.

Case No. 2025-T-0024

[2.] The Trial Court erred in finding that Appellee was entitled to mandamus relief despite the fact that the Appellee had an adequate remedy at law other than mandamus relief.

[3.] The Trial Court erred in denying Appellant's Motion for Judgment on the Pleadings based on political subdivision immunity under R.C. 2744.02(A), as Appellant had been sued in tort for the performance of a governmental function and no exceptions to immunity apply.

## Legal Standards

{¶10} The issues raised by the Auditor on appeal involve questions of law, which we review de novo, i.e., without deference to the trial court's decision. *See, e.g., State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2022-Ohio-105, ¶ 6 (11th Dist.).

{¶11} "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. To be entitled to a writ of mandamus, the relator must ordinarily establish (1) a clear legal right to the relief requested, (2) a clear legal duty on the part of the respondent to provide that relief, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Grendell v. Walder*, 2022-Ohio-204, at ¶ 40, citing *State ex rel. Waters v. Spaeth*, 2012-Ohio-69, ¶ 6. The relator must prove these requirements by clear and convincing evidence. *State ex rel. Doner v. Zody*, 2011-Ohio-6117, paragraph three of the syllabus.

## Claim for Relief

{¶12} We begin with the Auditor's third assignment of error, in which she asserts that the trial court erred in failing to grant her motion for judgment on the pleadings. She contends that the facts pleaded in the Township's complaint, accepted as true, establish that she was sued in tort for the performance of a governmental function and that no exceptions to political-subdivision immunity apply.

Case No. 2025-T-0024

{¶13} We disagree. The Township did not raise a tort claim for negligence against the Auditor in this case. The Township's sole claim for relief is captioned "Writ of Mandamus" and unquestionably sounds in mandamus:

39. [The Township] has a clear legal right to receive the tax money collected from Bazetta Township residents, pursuant to Ohio Revised Code §321.31 and §321.34.

40. [The Auditor] has a clear legal duty under Ohio Revised Code §321.31 to "immediately after each settlement" issue warrants or make direct deposits to local taxing districts, including [the Township], paying out the proceeds of any special tax levy.

41. [The Auditor] has a clear legal duty under Ohio Revised Code §321.34 to issue warrants or make direct deposits for advance payments of real estate taxes collected to a local authority if so requested. [The Township], pursuant to Resolution 069-24 adopted by the Board of Trustees on June 11, 2024, requested that [the Auditor] make such advance payments to [the Township].

42. [The Township] does not have a plain and adequate remedy in the ordinary course of law. This action is based on [the Auditor's] statutory duty to timely issue warrants or make direct deposit of taxes collected to [the Township]. The Ohio Supreme Court has repeatedly held that there is not an adequate remedy at law where a public officer has a statutory duty to make a payment. *State ex rel. The V Companies v. Marshall*, 81 Ohio St.3d 467 (1998) (writ of mandamus ordering county Auditor affirmed as statutory duty to issue warrant is a public duty enforceable by mandamus and a breach of contract action is not a plain and adequate remedy in the ordinary course law); *State ex rel. Ms. Parsons Constr., Inc. v. Moyer*, 72 Ohio St.3d 404, 406 (1995) (Relator is being damaged by failure of public officers to make payment, an official act that Respondent is under a clear legal duty to perform); *State ex rel. Levin v. Schremp*, 73 Ohio St.3d 733 (1995) (rights are enforceable in mandamus when the Respondent has a public duty to perform the act demanded).

43. Under Ohio Revised Code §2731.06, when the right to require the performance of an act is clear and it is apparent that no valid excuse can be given for not doing it, a court, in the first instance, may allow a peremptory writ of mandamus.

44. [The Auditor] has no valid excuse for failing and refusing to pay to [the Township $80,857.18] in tax receipts collected from Bazetta Township [residents].

Case No. 2025-T-0024

WHEREFORE, [the Township] respectfully requests the Court provide the following relief:

1) Issuance of a Peremptory Writ of Mandamus directing [the Auditor] to pay [the Township $80, 857.18] plus statutory interest;
. . . .

{¶14} Accordingly, the Auditor's third assignment of error is not well taken.

**Adequate Remedy at Law**

{¶15} We next consider the Auditor's second assignment of error. She contends that the trial court erred in finding the Township had no plain and adequate remedy in the ordinary course of the law, based on her position that the Township could seek to recover damages in a tort action.

{¶16} Generally, mandamus will not issue when the relator has an adequate remedy in the ordinary course of the law. *State ex rel. Burkons v. Beachwood*, 2022-Ohio-748, ¶ 13. However, a mandamus action is expressly authorized by statute under these circumstances. *See* R.C. 319.16(E) ("If the board, officer, or tribunal determines that the expenditure is valid and the auditor refuses to issue the appropriate warrant on the county treasury, a writ of mandamus may be sought," and "[t]he court shall issue a writ of mandamus for issuance of the warrant if the court determines that the claim is valid."). Accordingly, it is not necessary for us to consider whether the Township lacks an adequate remedy in the ordinary course of the law. *See Grendell*, 2022-Ohio-204, at ¶ 40 ("because current R.C. 319.16(D) authorizes a mandamus action under these circumstances, we do not consider whether [the relator] lacks an adequate remedy in the ordinary course of the law"), citing *State ex rel. Xenia v. Greene Cty. Bd. of Commrs.*,

2020-Ohio-3423, ¶ 7 ("[b]ecause R.C. 709.023(G) authorizes an action in mandamus, a court need not consider whether the relator lacks an adequate remedy at law").

{¶17}  The Auditor's second assignment of error is without merit.

## Clear Legal Duty

{¶18}  Finally, in her first assignment of error, the Auditor contends the trial court erred in granting a writ because the undisputed evidence establishes that she has already performed her legal duty under the relevant statutes.  *See State ex rel. Breaux v. Court of Common Pleas of Cuyahoga Cty.*, 50 Ohio St.2d 164, 164 (1977) ("A writ of mandamus will not issue to compel a public official to perform a legal duty which has been completed.").  The Auditor admits her office issued electronic warrants for funds owed to the Township, but to an account not owned by the Township as the result of cybercrime, and $80,857.18 could not be recovered by the Township.  The Township responds that the Auditor has not yet fulfilled her legal duty because she issued electronic warrants for these funds to a criminal rather than to the Township.  The word "warrant" in this context refers to a "warrant drawn by a county official, directing the county treasurer to pay a sum of money out of county funds to bearer, to a named individual, or to the named individual's order," *Black's Law Dictionary* (12th Ed. 2024).  *Grendell*, 2022-Ohio-204, at ¶ 2.

{¶19}  "No money shall be paid from the county treasury, or transferred to any person for disbursement, except on the warrant of the county auditor, including an electronic warrant authorizing direct deposit, in accordance with [R.C. 9.37(F)], for payment of county obligations."  R.C. 321.15.  "The county auditor shall issue warrants, including electronic warrants authorizing direct deposit for payment of county obligations in accordance with [R.C. 9.37(F)], on the county treasurer for all moneys payable from

Case No. 2025-T-0024

the county treasury" when presented with a "proper order or voucher and evidentiary matter." R.C. 319.16(A)(1). The county auditor may "question[ ] the validity of an expenditure presented under division (A)(1) of this section that is within available appropriations" but is required to "notify the board . . . who presented the documents." R.C. 319.16(E). "If the board . . . determines that the expenditure is valid and the auditor refuses to issue the appropriate warrant on the county treasury, a writ of mandamus may be sought." *Id*.

{¶20} Both R.C. 321.15 and 319.16 refer to R.C. 9.37(F), which provides that "a county auditor may issue, and a county treasurer may redeem, electronic warrants authorizing direct deposit for payment of county obligations in accordance with rules adopted by the director of budget and management pursuant to Chapter 119. of the Revised Code." Any rules pertaining to electronic warrants adopted by the director of budget and management are not in the record of this appeal. Regardless, we conclude that the Auditor has not complied with her specific statutory duties under R.C. 321.31 and 321.34. *See State ex rel. Love v. Cuyahoga Cty. Pros. Office*, 87 Ohio St.3d 158, 158 (1999) ("A writ of mandamus will not be issued to compel the general observance of unspecified laws.").

{¶21} Two broad categories of funds are at issue in this case: (1) the taxes levied by the Township and collected by the Treasurer since the February 2024 settlement, as determined during the August 2024 settlement with the Auditor, *see* R.C. 321.24(C) and 321.31; and (2) the advance payments of the Township's 2023 second-half real estate taxes as requested pursuant to Resolution 069-24, adopted by the Township's board of trustees on June 11, 2024, *see* R.C. 321.34.

Case No. 2025-T-0024

{¶22} Regarding the first category of funds, "[o]n or before the tenth day of August, in each year, the treasurer shall settle with the auditor for all taxes and assessments that the treasurer has collected on the general duplicates of real and public utility property at the time of making such settlement, not included in the preceding February settlement." R.C. 321.24(C). "Immediately after each settlement with the county auditor, on demand, and *on presentation of the warrant of the auditor* therefor, the county treasurer shall pay to the township fiscal officer . . . all moneys in the county treasury payable to such boards and subdivisions." (Emphasis added.) R.C. 321.31. *See also* R.C. 5747.50(E)(3) (county auditor shall issue warrants against the undivided local government fund for the amounts attributable to each taxing district); R.C. 4503.06 (upon warrant of county auditor, collected manufactured home taxes shall be proportionately distributed among taxing subdivisions); R.C. 5735.27(A)(3) (revenue credited to the gasoline excise tax fund shall be divided in equal proportions among the townships); R.C. 4504.05(B)(2)(b) and (3)(b) (motor vehicle license tax proceeds shall be allocated and distributed to townships).

{¶23} Regarding the second category of funds, "When the local authorities by resolution so request, the county auditor shall pay township fiscal officers . . . any money that may be in the county treasury to the accounts of the local authorities . . . and lawfully applicable to the purpose of the current fiscal year in which the request is made." R.C. 321.34(A)(1). *See also* R.C. 5705.02 (requiring a ten-mill limitation on taxable property within a subdivision or taxing unit); R.C. 5705.19 (authorizing resolutions relative to tax levies, such as police and fire, in excess of the ten-mill limitation).

{¶24} R.C. 321.34 specifically requires that the money be paid "to the accounts of the local authorities"; R.C. 321.31 specifically requires the money be paid "to the township

Case No. 2025-T-0024

fiscal officer." However, the electronic warrants issued by the Auditor were made payable to an account that was neither owned by the Township nor authorized by the Fiscal Officer to receive Township funds. We have found no exception for "cybercrime" or "fraud" that excuses the Auditor from fulfilling her duty to issue warrants for these funds—which are clearly the Township's property—to the Township. *See, e.g., State ex rel. Old Fort Local School Dist. Bd. of Educ. v. Smith*, 1983 WL 7233, *2 (3d Dist. Mar. 25, 1983) (where the funds were clearly the property of the school board, the auditor and treasurer had no discretion to withhold payment or delivery of the funds, and there was no statutory exception to the mandated duty to pay the funds to the school board).

{¶25} The parties each assign blame to the other as to why or how the money was paid to a cybercriminal: the Township allegedly turned off the multi-factor authentication protections on the Fiscal Officer's email account; the Auditor's office allegedly disregarded indicators of fraud, despite having received warnings from the State Auditor about these payment-redirect email schemes. However, who may be liable for the Township's failure to receive the money is not the proper determination for this mandamus action.[1] The narrow question we must decide is whether the Auditor fulfilled her statutory duty by depositing the money she admits belongs to the Township into an account that was not owned by the Township. We conclude that she did not. Accordingly, the Auditor's first assignment of error is without merit.

---

1. In our modern age, bad actors have learned how to skillfully use the internet to disguise their nefarious activities. Indeed, in this case, the infiltrators manipulated information "in the cloud," unbeknownst to any public official or public employee. Whether the proper safeguards were or were not in place on either side of these transactions, and regardless of the cross-allegations of negligence and liability—none of which is determinative in the case before us—the Township and the County are both victims of a modern-day heist.

Case No. 2025-T-0024

{¶26} The Township is entitled to a writ of mandamus directing the Auditor to issue warrants or electronic funds transfers, totaling $80,857.18 plus statutory interest, payable to the Township's Fiscal Officer and to an account owned by the Township.

{¶27} The Trumbull County Court of Common Pleas' judgment granting a writ of mandamus is affirmed.

EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-T-0024

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

JUDGE MATT LYNCH

JUDGE EUGENE A. LUCCI,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-T-0024