394

THE STATE, EX REL. MONTRIE NURSING HOME, INC., ET AL., APPELLANTS, *v.* AGGREY ET AL., APPELLEES.

(No. 77-1018—Decided June 21, 1978.)

396

*Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman, Mr. Rankin M. Gibson* and *Mr. W. Joseph Strapp,* for appellants.

*Mr. William J. Brown,* attorney general, *Mr. William J. Anderson, Mr. Patrick V. Kerrigan* and *Mr. George E. Lord,* for appellees.

*Per Curiam.* Federal Medicaid regulations require that participating states must enter into written contracts wih participating nursing homes. Section 249.82(c)(1), Title 45, Code of Federal Regulations. The Court of Appeals below held that mandamus would not lie because the relators could sue on their contracts in the Court of Claims for amounts due.

In this case, however, payment was being made by O.D.P.W. in accordance with administratively established policies not in compliance with legislative enactment, *i. e.,* Am. Sub. H. B. No. 155. Payments were not determined by contract. The director may not modify the clearly expressed legislative intent by issuing bulletins providing lesser remuneration for participating nursing homes than the General Assembly has directed.

In *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, this court held that where a public officer or agency is under a clear legal duty to perform an official act, and where there is no plain and adequate remedy in

the ordinary course of the law, an action in mandamus will lie originally in the Supreme Court or in the Court of Appeals. See, also, *State, ex rel. National City Bank*, v. *Bd. of Education* (1977), 52 Ohio St. 2d 81.

We find that the relators are not being damaged due to a breach of contract but due to the failure of a public officer to perform an official act which he is under a clear legal duty to perform. The General Assembly has mandated in Am. Sub. H. B. No. 155 the amount of recompense to be received by relators for their services rendered. Relators have no adequate remedy in the ordinary course of law, and the judgment of the Court of Appeals is, accordingly, reversed and the prayed-for writ of mandamus is allowed.

*Judgment reversed and writ allowed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, COLE, COOK and LOCHER, JJ., concur.

COLE, J., of the Third Appellate District, sitting for P. BROWN, J.

COOK, J., of the Eleventh Appellate District, sitting for SWEENEY, J.