OPINION
{¶ 1} Defendants-appellants, Ohio Department of Job and Family Services ("ODJFS"), and its director and deputy director, appeal from the judgment of the Franklin County Court of Common Pleas in which that court, after a bench trial, entered judgment in favor of appellee, Morning View Care Center — Fulton ("Morning View"), for Medicaid reimbursement monies in the amount of $332,337, plus interest, on appellee's claims for declaratory relief. The trial court further permanently enjoined ODJFS from failing to pay appellee these monies, which the trial court deemed "a reasonable and adequate rate for Medicaid services rendered in Fiscal Year 1999." Morning View cross-appeals from the trial court's refusal to consider evidence at trial relating to claimed reimbursement monies for fiscal year 1998.
 {¶ 2} Morning View is a state licensed, Medicaid-funded intermediate care facility for the mentally retarded. Morning View formerly operated its facility, located in Morrow County, at a capacity of 65 beds. However, over a period of several years in the 1990s, it downsized to a capacity of 33 beds in an effort to promote better quality of life for its residents. Many residents were relocated to new, 8-bed group homes. This resulted in a 50 percent reduction in the number of residents at its main facility. Morning View alleges that, in fiscal years 1998 and 1999, this drastic reduction in the number of residents at its main facility resulted in serious losses because its operating costs exceeded its revenues with respect to that facility. Consequently, Morning View requested from ODJFS a Medicaid rate adjustment for fiscal years 1998 and 1999, pursuant to R.C. Chapter 5111 and Ohio Adm. Code Chapter 5101:3.
 {¶ 3} The rate adjustment request was dated December 29, 1998, and was grounded in "extreme hardship" under R.C.5111.29(A)(3) and Ohio Adm. Code 5101:3-3-24(D). Upon review of the request and supporting documentation, ODJFS denied the request for fiscal year 1998 as untimely. It granted the request for fiscal year 1999, but the formula that it used in calculating the appropriate increase resulted in an adjustment far lower than that requested by Morning View.
 {¶ 4} Thereafter, Morning View instituted this action against ODJFS in the Franklin County Court of Common Pleas. The complaint contained numerous counts for violations of state and federal constitutional provisions and state and federal statutory law, as well as for breaches of the provider agreements between the parties. Morning View sought a declaratory judgment that the aforementioned violations and breaches occurred, a monetary award to compensate Morning View for the amounts it alleged it was entitled to receive pursuant to its calculation of the appropriate rate adjustment for fiscal years 1998 and 1999, and injunctive relief compelling the requested rate adjustment and corresponding reimbursement. The trial court granted ODJFS' motion to dismiss some of the claims. It later granted summary judgment in ODJFS' favor on the remaining claims, including Morning View's claims that ODJFS violated R.C. Chapter 5111.
 {¶ 5} Morning View appealed to this court. We affirmed the trial court's grant of summary judgment as to two other claims but reversed and remanded the case for trial after finding that there existed genuine issues of fact with respect to whether ODJFS violated R.C. Chapter 5111 by not fully reimbursing reasonable costs Morning View incurred for fiscal year 1999. SeeMorning View Care Center — Fulton v. Ohio Dept. of HumanServs., 148 Ohio App.3d 518, 2002-Ohio-2878, 774 N.E.2d 300.
 {¶ 6} On remand, the trial court held a four-day trial, and later issued a decision on December 12, 2003. Therein, the court found that ODJFS abused its discretion under R.C. Chapter 5111 in determining the proper rate adjustment to which Morning View is entitled for fiscal year 1999. By entry journalized December 23, 2003, the trial court ordered ODJFS to pay to Morning View the sum of $332,337, which represents the amount of Medicaid reimbursement monies to which the court found Morning View was entitled for fiscal year 1999. Also, the court enjoined ODJFS from failing to pay this sum, and ordered payment of pre- and post-judgment interest.
 {¶ 7} The trial court rejected Morning View's argument that this court's disposition of the earlier appeal did not operate as the law of the case with respect to Morning View's fiscal year 1998 claims, and that, as such, the trial court should have heard and considered the evidence anew with respect to those claims. The trial court did not address ODJFS' argument that the case should be dismissed because the relief Morning View sought may be obtained only through an original action in mandamus. The trial court likewise did not discuss ODJFS' argument that the case was moot because ODJFS had already paid to Morning View an amount that exceeds what Morning View had properly requested for fiscal year 1999 in its original request.
 {¶ 8} ODJFS timely filed its notice of appeal, and Morning View later timely filed its notice of cross-appeal. ODJFS asserts the following assignments of error for our review:
First Assignment of Error
The trial court erred in not dismissing the complaint based on the fact that this case was improperly brought in declaratory judgment.
Second Assignment of Error
The trial court erred by not concluding that this case was moot on the grounds that ODJFS paid Morning View more than Morning View had properly requested.
Third Assignment of Error
The trial court's conclusion that ODJFS had abused its discretion was based on incorrect facts, incorrect legal standards, and substitution of its own judgment for that of ODJFS.
Fourth Assignment of Error
The trial court erred in ordering ODJFS to pay prejudgment interest to Morning View.
 {¶ 9} On its cross-appeal, Morning View asserts one assignment of error, as follows:
The lower court erred in failing to compel ODJFS to comply with R.C. 5111.21 and grant relief to morning view for fiscal year 1998.
 {¶ 10} In support of its first assignment of error, ODJFS argues that the only mechanism available to challenge its alleged abuse of discretion in determining Morning View's Medicaid rate adjustment for fiscal year 1999 (and the corresponding amount of additional reimbursement to be paid to Morning View) is an original action for mandamus. It argues that mandamus is Morning View's sole method of obtaining judicial review of ODJFS' discretionary order because the same is not appealable. ODJFS further argues that Morning View may not seek relief by way of a declaratory judgment action or pursuit of injunctive relief. Accordingly, urges ODJFS, the court of common pleas lacked jurisdiction over the subject matter of this action, and the same must be dismissed. We agree.
 {¶ 11} This case is similar to the case of WorthingtonNursing Home, Inc. v. Creasy (1982), 4 Ohio App.3d 92,446 N.E.2d 841. In that case, a group of nursing home owners brought a class action against the Ohio Department of Public Welfare ("ODPW"), a predecessor of ODJFS that, at the time, was charged with administration of the state's Medicaid program. The plaintiffs sought a declaration that ODPW had unlawfully reimbursed them in insufficient amounts for salaries paid to administrators. They further sought injunctive relief. The trial court declared ODPW's actions unreasonable and arbitrary, and enjoined ODPW to pay the amount claimed by the plaintiffs, not to exceed the per diem ceilings established by the General Assembly.
 {¶ 12} On appeal, this court determined that the trial court lacked jurisdiction to award money damages with the declaratory judgment, and also lacked jurisdiction to grant an injunction compelling reimbursement for the prior claimed deficiencies. In so concluding, this court noted that a declaratory judgment, which defines the rights and duties of parties, is to be distinguished from an attempt to redress a past breach of a duty by a state official. Id. at 98. The court noted, "[t]he General Assembly has authorized the courts of common pleas to determine the duties of state officials. It has also deigned to grant those same courts the jurisdiction to grant monetary relief except by the limited remedy of mandamus." Ibid. See, also, Friedman v.Johnson (1985), 18 Ohio St.3d 85, 480 N.E.2d 82, in which the court held that courts of common pleas have jurisdiction to grant declaratory judgments against the state, but do not have jurisdiction to grant either injunctive relief or award monetary damages against the state. The court of claims has original, exclusive jurisdiction over suits for monetary damages, and the state has never consented to suits for injunctive relief in courts of common pleas. Ibid.
 {¶ 13} The Worthington court also relied upon the case ofState ex rel. Montrie Nursing Home, Inc. v. Aggrey (1978),54 Ohio St.2d 394, 377 N.E.2d 497, in which the Supreme Court of Ohio held that mandamus is a proper remedy to compel statutory reimbursement to nursing homes. Further explaining the distinction between declaratory judgment and mandamus, theWorthington court noted that while a writ of mandamus will issue only where state officials have failed to comply with a "clear legal duty," a declaratory judgment involves only a court's interpretation of a statute or contract, and does not require that the duties imposed be clear.
 {¶ 14} The Worthington court concluded as follows:
Since any suit against the state is an abrogation of the common law, the jurisdiction of courts to entertain such suits must be strictly construed. Because the Supreme Court has indicated that mandamus against state officials is a proper action in a case essentially identical to the instant case, State, ex rel.Montrie Nursing Home, Inc., v. . Aggrey (54 Ohio St. 2d 394, [8 O.O.3d 401]), we are hesitant to expand the jurisdiction of the trial court to other actions which compel payment of funds from the state treasury. The trial court therefore had no jurisdiction to grant an injunction compelling reimbursement of plaintiffs for prior claimed deficiencies or to award money damages with the declaratory judgment.
Ibid.
 {¶ 15} The facts and procedural posture in Montrie were slightly different than those in Worthington, but the case was nonetheless valuable, and is likewise useful in the present case. In Montrie, a group of nursing homes filed a petition for a writ of mandamus to compel ODPW to reimburse the relators according to applicable statutes, and not in the lower amounts ODPW had reimbursed them pursuant to that agency's administratively established policies not in compliance with statute. The court of appeals held that mandamus would not lie because the relators had an adequate remedy at law by way of a breach of contract action in the Court of Claims.
 {¶ 16} The Supreme Court of Ohio reversed, noting that the relators were not being damaged due to any breach of contract but due to, "the failure of a public officer to perform an official act which he is under a clear legal duty to perform." The court found the relators had no adequate remedy at law and granted the writ. While Montrie is not dispositive of the question whether Morning View would ultimately be successful in any future attempt to obtain a writ of mandamus, Montrie clearly establishes that mandamus is an appropriate vehicle for obtaining an order compelling ODJFS to reimburse Morning View for Medicaid monies to which it claims it is entitled pursuant to R.C. Chapter 5111.
 {¶ 17} Furthermore, we have previously held that ODJFS' decision on Morning View's Medicaid rate reimbursement application is discretionary and is not subject to any administrative appeal proceedings under R.C. Chapter 119 or Ohio Adm. Code Chapter 119. See Morning View Care Center — Fulton v.Ohio Dept. of Human Servs., 148 Ohio App.3d 518, 2002-Ohio-2878,774 N.E.2d 300, at ¶ 23 and 21, respectively. When an agency order is not appealable, a mandamus action — not an action for declaratory judgment — is the appropriate means to obtain relief from any abuse of discretion manifest in such an order. LTVSteel Co. v. Indus. Comm. (2000), 140 Ohio App.3d 680, 692,748 N.E.2d 1176, citing State ex rel. Fenske v. McGovern (1984),11 Ohio St.3d 129, 131, 464 N.E.2d 525. See, also, Carney v. SchoolEmp. Retirement Sys. Bd. (1987), 39 Ohio App.3d 71,528 N.E.2d 1322; State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141, 228 N.E.2d 631; State ex rel. Pipoly v. StateTeachers Retirement Sys., 95 Ohio St.3d 327, 2002-Ohio-2219,767 N.E.2d 719, at ¶ 14; State ex rel. Potts v. Comm. on ContinuingLegal Edn. (2001), 93 Ohio St.3d 452, 457, 755 N.E.2d 886.
 {¶ 18} When a complaint against the state states several requests for relief, including one for declaratory judgment, if the focal point of the complaint is the action for declaratory judgment seeking, for instance, interpretation of a statute or contract, then the other causes of action may be deleted and the court of common pleas may maintain subject matter jurisdiction over the action for declaratory judgment, so long as the state will suffer no prejudice by the severance of the causes of action. Austinwoods Nursing Ctr., Inc. v. Barry (May 27, 1986), 10th Dist. No. 85AP-708, 1986 Ohio App. LEXIS 6964, at *7-8. However, when "the primary * * * relief [sought] is either injunctive relief or monetary damages, a plea for declaratory judgment must be joined with the other causes of action and courts of common pleas remain precluded from exercising subject matter jurisdiction." Id. at *8. The latter situation is precisely the type of situation with which we are presented in the instant appeal.
 {¶ 19} Morning View's claims for declaratory judgment, injunctive relief and monetary damages are inextricably intertwined in that, from the outset, the viability of all of them has hinged upon a finding that ODJFS abused the discretion conferred upon it by statute in determining the amount of Morning View's Medicaid rate adjustment for fiscal years 1998 and 1999. Further, the true aim of Morning View's claims is not a declaratory judgment as to its rights under statute or contract; rather, the focal point of its claims is correction of ODJFS' alleged abuse of discretion, and the monetary award that would ultimately be required to place Morning View in the position in which it would have been absent such an abuse. Thus, the prayer for injunctive relief and monetary damages cannot be severed from the declaratory judgment action. Accordingly, the court of common pleas was without subject matter jurisdiction over the entire action, and the same should have been dismissed. The court of common pleas thus had no jurisdiction to grant an injunction compelling payment for claimed deficiencies in the adjustment of Morning View's Medicaid reimbursement rate, or to award a declaratory judgment with money damages.
 {¶ 20} For the foregoing reasons, ODJFS' first assignment of error is sustained, and Morning View's claims against ODJFS are hereby dismissed for lack of subject matter jurisdiction. Our disposition of ODJFS' first assignment of error renders moot ODJFS' second, third and fourth assignments of error, and Morning View's crossassignment of error.
 {¶ 21} ODJFS' first assignment of error is sustained, and its second, third and fourth assignments of error are overruled as moot. Morning View's sole assignment of error on its cross-appeal is likewise overruled as moot. The judgment of the Franklin County Court of Common Pleas is reversed, and Morning View's claims are dismissed for lack of subject matter jurisdiction.
Judgment reversed and cause dismissed.
Petree and Klatt, JJ., concur.