THE STATE EX REL. BLACKWELL, SECY. OF STATE, *v.* CRAWFORD, JUDGE, ET AL.

[Cite as *State ex rel. Blackwell v. Crawford,*
106 Ohio St.3d 447, 2005-Ohio-5124.]

(No. 2005–1248—Submitted September 20, 2005—Decided September 29, 2005.)

**Per Curiam.**

{¶ 1} This is an original action for a writ of prohibition to prevent a trial court from proceeding in a case seeking declaratory and injunctive relief against the Secretary of State.

{¶ 2} In 2002, following the problems that arose from the 2000 presidential election, Congress passed the Help America Vote Act ("HAVA"), Sections 15301 et seq., Title 42, U.S.Code. See, e.g., *Sequoia Voting Sys., Inc. v. Ohio Secy. of State,* 125 Ohio Misc.2d 7, 2003-Ohio-4799, 796 N.E.2d 598, ¶ 8. The title of HAVA specifies that one of its purposes is "to provide funds to States to replace punch card voting systems." 116 Stat., Part 3, 1666; see, also, *Stewart v. Blackwell* (N.D.Ohio 2004), 356 F.Supp.2d 791, 793, fn. 1; Section 15481(a), Title 42, U.S.Code. Under Section 15481(d), Title 42, each state is required to comply with HAVA on and after January 1, 2006.

Voting-System Bids and Directives

{¶ 3} In May 2003, relator, Ohio Secretary of State J. Kenneth Blackwell, issued a request for proposals to solicit bids from voting-system vendors to provide HAVA-compliant voting machines in Ohio. The office of the Ohio Secretary of State subsequently entered into separate agreements for the acquisition of

voting systems and related services with three vendors: Diebold, Inc.; Elections Systems & Software, Inc. ("ES & S"); and Maximus, Inc., together with its subsidiary, Hart Intercivic, Inc. ("Hart"). According to the complaint, under the agreements, the vendors were required to provide either direct-recording electronic ("DRE")[1] voting systems or precinct-count optical scan ("PCOS")[2] voting systems, and they were permitted to compete for the business of each county board of elections, with Blackwell acting as purchasing agent for the counties.

{¶ 4} In January 2005, Blackwell issued Directive 2005–01 to all county boards of elections. In the directive, Blackwell ordered the selection and use no later than February 9, 2005, of only PCOS voting systems.

{¶ 5} In February 2005, in response to a request from the Franklin County Prosecuting Attorney, the Ohio Attorney General issued Opinion No. 2005–006. The Attorney General concluded that Blackwell was not authorized to issue the directive. In an advisory issued to all boards of elections the next day, Blackwell noted that regardless of the Attorney General's opinion, the boards must still follow Directive 2005–01.

{¶ 6} In April 2005, Blackwell issued Directive 2005–07, which extended the deadline to select a certified voting system until May 24, 2005, and permitted boards of elections to select a DRE voting system—if it had a voter-verified paper audit trail ("VVPAT")—in lieu of a PCOS voting system. The directive also noted that selection of a DRE/VVPAT system required that both the DRE and VVPAT had to be separately certified by May 13, 2005.

ES & S Case

{¶ 7} On May 2, 2005, ES & S filed a complaint against Blackwell in respondent Franklin County Court of Common Pleas. Respondent Judge Dale Crawford of that court presides over the case. In its complaint, ES & S requested the following: (1) a judgment declaring that Directive 2005–07 breached Blackwell's contract with ES & S and that Blackwell had unlawfully usurped the counties' authority to choose a voting system as well as an injunction preventing him from enforcing Directive 2005–07, (2) a judgment declaring that Blackwell had failed to establish a schedule for certification of voting systems and that he had exceeded his authority by unlawfully imposing an unreasonable and

---

1. Under Section 2.13 of the agreement between ES & S and the Secretary of State's office, "DRE Voting System" is defined as "[a] Voting System that allows for recording votes by means of a ballot display provided with mechanical or electro-optical devices; processes the data by means of a computer program; records voting data in internal memory devices; and tabulates voting data as hard copy or stored in a removable voting memory device."

2. Section 2.20 of the ES & S agreement defines PCOS as "[a]n optical scan voting system in which the voter inserts the ballot into a device which counts the vote within the polling location."

arbitrary deadline on counties, along with an injunction preventing him from enforcing the deadlines and other directives relating to the DRE voting system, and (3) a judgment declaring that Blackwell is obligated to pay the full contract price to ES & S.

{¶ 8} ES & S moved for a temporary restraining order, and Blackwell moved to dismiss, in part based on his argument that the common pleas court lacked subject-matter jurisdiction over ES & S's claims. Blackwell argued that ES & S's case was "nothing more than a standard, run-of-the-mill breach of contract action," that "[i]f it were to be determined that the Secretary breached the Agreement, damages would be the only appropriate remedy," and therefore that the Court of Claims had exclusive jurisdiction over the case.

{¶ 9} At a May 5, 2005 hearing on its request for a temporary restraining order, ES & S noted that it would incur damage "if the Court doesn't issue an injunction." Judge Crawford opined that because of the "significant equitable issues" raised, he was not persuaded that the case should be in the Court of Claims, but he did not expressly rule on Blackwell's dismissal motion.

{¶ 10} On May 17, 2005, Judge Crawford granted the motions of Hart and four county boards of elections to intervene as additional plaintiffs in the ES & S case against Blackwell. Hart's complaint contained three designated claims that were substantially similar to ES & S's claims.

{¶ 11} Judge Crawford subsequently allowed additional boards of elections to intervene as plaintiffs in the case. The boards requested a judgment declaring that Blackwell's deadlines in Directive 2005–07 were unlawful and that he may not issue further deadlines that do not permit a reasonable amount of time for vendors to comply or for the counties to make informed decisions on selecting voting systems. The boards also requested injunctive relief to prevent Blackwell from enforcing the deadlines and from imposing a choice of election systems on the counties.

{¶ 12} On June 2, 2005, following a hearing on ES & S's motion for a preliminary injunction, Judge Crawford issued an agreed order granting the motion and setting a hearing on the plaintiffs' request for a permanent injunction on August 15, 2005. On August 8, Blackwell issued Directive 2005–16 to the 31 intervening boards of elections. In the directive, Blackwell extended the deadlines to select voting systems and vendors.

### Hart Court of Claims Case

{¶ 13} In May 2005, Hart commenced an action in the Court of Claims. In its complaint, Hart alleged claims of promissory estoppel, equitable estoppel, negligent misrepresentation, and breach of contract against Blackwell concerning the bidding process to supply electronic voting machines to Ohio counties and sought

money damages. In June, Hart notified the Court of Claims of the ES & S common pleas court case in which it had intervened as a plaintiff and noted that it was connected to the Court of Claims case.

## Prohibition Case

{¶ 14} On July 11, 2005, Blackwell filed this action for a writ of prohibition to prevent Judge Crawford and the common pleas court from proceeding with the underlying case. Blackwell also moved for an expedited alternative writ. On July 14, we issued an expedited alternative writ. 106 Ohio St.3d 1466, 2005-Ohio-3551, 830 N.E.2d 1171.

{¶ 15} On August 1, Judge Crawford and the common pleas court moved to dismiss Blackwell's prohibition complaint or, in the alternative, to release the S.Ct.Prac.R. X(6) stay of the equitable portions of the underlying case. On August 2, ES & S moved to intervene as a respondent and filed an answer and a motion to vacate the stay of the common pleas court case. On August 11, we permitted ES & S to intervene and granted respondents' motions in part, vacating the stay "as to claims pending in the trial court that do not seek an award of damages but appear to seek declaratory or injunctive relief." 106 Ohio St.3d 1490, 2005-Ohio-4121, 832 N.E.2d 741. We noted that the stay remained in effect for the first and third claims designated in ES & S's and Hart's complaints. Id.

{¶ 16} ES & S subsequently withdrew as a respondent in this case after it reached a settlement with Blackwell. The parties filed evidence and briefs.

{¶ 17} This cause is now before the court for a consideration of the merits of Blackwell's prohibition claim.

## Prohibition

{¶ 18} In order to be entitled to the requested writ of prohibition, Blackwell must establish that (1) Judge Crawford and the common pleas court are about to exercise judicial power, (2) the exercise of that power is not authorized by law, and (3) denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. *State ex rel. Florence v. Zitter*, 106 Ohio St.3d 87, 2005-Ohio-3804, 831 N.E.2d 1003, ¶ 14. Blackwell has established the first requirement—Judge Crawford and the common pleas court have exercised and are continuing to exercise jurisdiction in the underlying declaratory-judgment and injunctive-relief case.

{¶ 19} For the remaining requirements, " '[i]n the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal.' " *State ex rel. United States Steel Corp. v.*

*Zaleski*, 98 Ohio St.3d 395, 2003-Ohio-1630, 786 N.E.2d 39, ¶ 8, quoting *State ex rel. Nalls v. Russo*, 96 Ohio St.3d 410, 2002-Ohio-4907, 775 N.E.2d 522, ¶ 18. Therefore, if the lack of jurisdiction is not patent and unambiguous, there is generally no entitlement to a writ of prohibition to prevent a trial court's exercise of jurisdiction. *State ex rel. Brady v. Pianka*, 106 Ohio St.3d 147, 2005-Ohio-4105, 832 N.E.2d 1202, ¶ 9–10.

{¶ 20} Blackwell asserts that Judge Crawford and the common pleas court patently and unambiguously lack jurisdiction over the underlying case because the Court of Claims has exclusive, original jurisdiction when at least one of ES & S's and Hart's claims is for money damages. If a cause of action involves a civil suit for money damages against the state, the Court of Claims has exclusive, original jurisdiction even when ancillary relief—such as an injunction or declaratory judgment—is sought in the complaint. R.C. 2743.03(A)(2) ("If the claimant in a civil action as described in division (A)(1) of this section also files a claim for a declaratory judgment, injunctive relief, or other equitable relief against the state that arises out of the same circumstances that gave rise to the civil action described in division (A)(1) of this section, the court of claims has exclusive, original jurisdiction to hear and determine that claim in that civil action"); see, also, *Manning v. Ohio State Library Bd.* (1991), 62 Ohio St.3d 24, 30, 577 N.E.2d 650; *Friedman v. Johnson* (1985), 18 Ohio St.3d 85, 87, 18 OBR 122, 480 N.E.2d 82; *Boggs v. State* (1983), 8 Ohio St.3d 15, 17, 8 OBR 84, 455 N.E.2d 1286.

{¶ 21} Nevertheless, for the following reasons, Blackwell has not established that Judge Crawford and the court of common pleas patently and unambiguously lack jurisdiction over the case initiated by ES & S and later joined by Hart and numerous boards of elections.

{¶ 22} First, Judge Crawford and the common pleas court possess basic statutory jurisdiction over actions for declaratory judgment and injunction. R.C. 2721.02 and 2727.03; *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas* (1997), 78 Ohio St.3d 489, 492, 678 N.E.2d 1365; see, also, *Schwarz v. Ohio State Univ. Bd. of Trustees* (1987), 31 Ohio St.3d 267, 272–273, 31 OBR 493, 510 N.E.2d 808, quoting *Racing Guild of Ohio, Local 304 v. State Racing Comm.* (1986), 28 Ohio St.3d 317, 28 OBR 386, 503 N.E.2d 1025, paragraph one of the syllabus ("An action for injunctive relief may be brought against the state, as defined in R.C. 2743.01(A), in a court of common pleas").

{¶ 23} Second, although ES & S's and Hart's complaints contain one claim that could be construed as a camouflaged claim for money damages—the third claim requesting a declaratory judgment that they are entitled to the full contract price from Blackwell—it is manifest that this claim would be rendered nugatory if the plaintiffs in the underlying case are successful on their other claims for equitable

relief. As noted by ES & S in its motion to vacate the stay, "[i]f [Judge Crawford and the common pleas court] issue the declaratory and injunctive relief ES & S seeks and [Blackwell] is enjoined from breaching the Contract and ordered to comply with the Contract, ES & S will have *prevented* damages, which is the result ES & S has sought." (Emphasis sic.) And if the plaintiffs do not prevail on their equitable claims, Judge Crawford and the common pleas court have expressed no intent to rule on any disguised claims for money damages. Notably, the claims of the boards of elections did not contain any claim that could be reasonably construed to be a claim for money damages.

{¶ 24} Third, the cases Blackwell cites in his merit brief in support of his proposition that the Court of Claims has exclusive, original jurisdiction over claims for damages against state officials are distinguishable because in those cases, money damages were specifically requested or implicated for alleged injuries that had already occurred. See *Boggs*, 8 Ohio St.3d 15, 8 OBR 84, 455 N.E.2d 1286 (medical-malpractice case against state and state entities seeking money damages); *Friedman*, 18 Ohio St.3d 85, 18 OBR 122, 480 N.E.2d 82 (dismissal of case against director of state agency that had been remanded to common pleas court for a determination of money damages); *Zelenak v. Indus. Comm.*, 148 Ohio App.3d 589, 2002-Ohio-3887, 774 N.E.2d 769 (case against state agency included claim for money damages in the form of interest on wrongfully withheld benefits); *Morning View Care Ctr.–Fulton v. Ohio Dept. of Job & Family Servs.*, 158 Ohio App.3d 689, 2004-Ohio-5436, 821 N.E.2d 1046 (case against state agency included claim for money damages).

{¶ 25} In fact, "[m]onetary damages are normally associated with compensation for previous damage or injury." *Zelenak*, at ¶ 16, citing *Veda, Inc. v. United States Dept. of Air Force* (C.A.6, 1997), 111 F.3d 37, 41, fn. 2; see, also, *Morning View Care Ctr.–Fulton v. Ohio Dept. of Job & Family Servs.*, Franklin App. No. 04AP–57, 2004-Ohio-6073, 2004 WL 2591237, ¶ 25. Here, any damages sought by ES & S and Hart were associated with potential, future damage or injury if Blackwell enforced his previous directive deadlines on counties selecting voting systems.

{¶ 26} Fourth, even in one of the cases relied on by Blackwell, the court held that a common pleas court could retain jurisdiction over equitable claims by severing other claims that were not within the court's jurisdiction:

{¶ 27} "When a complaint against the state states several requests for relief, including one for declaratory judgment, if the focal point of the complaint is the action for declaratory judgment seeking, for instance, interpretation of a statute or contract, then the other causes of action may be deleted and the court of common pleas may maintain subject-matter jurisdiction over the action for declaratory judgment, so long as the state will suffer no prejudice by the

severance of the causes of action." *Morning View,* 158 Ohio App.3d 689, 2004-Ohio-5436, 821 N.E.2d 1046, ¶ 18.

{¶ 28} Finally, Blackwell cites no case in which any court has granted extraordinary relief in prohibition based on comparable common pleas court claims. Instead, the preeminent cases relied on by Blackwell were resolved in the ordinary course of law on appeal. See *State ex rel. Nalls v. Russo,* 96 Ohio St.3d 410, 2002-Ohio-4907, 775 N.E.2d 522, ¶ 24, quoting *State ex rel. Banc One v. Walker* (1999), 86 Ohio St.3d 169, 172, 712 N.E.2d 742 (" 'Significantly, most of the authorities relied on by appellants were resolved by appeal rather than by extraordinary writ' ").

{¶ 29} Based on the foregoing, Judge Crawford and the common pleas court are not patently and unambiguously divested of subject-matter jurisdiction over the underlying case, and Blackwell has an adequate remedy by appeal following final judgment to raise his claims. The presence of an adequate remedy in the ordinary course of law precludes Blackwell's entitlement to the requested extraordinary writ of prohibition. Accordingly, we deny the writ.

Writ denied.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., concur.

O'DONNELL, J., dissents.

———————

**O'DONNELL, J., dissenting.**

{¶ 30} I respectfully dissent and would grant the writ of prohibition in this case.

{¶ 31} Distinct lines of jurisdiction divide judicial authority between the Court of Claims and the courts of common pleas in Ohio. Section 16, Article I of the Ohio Constitution authorizes suits against the state "in such courts * * * as may be provided by law." R.C. 2743.03 established the Court of Claims and granted it exclusive, original jurisdiction over "all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code."

{¶ 32} Contrariwise, R.C. 2743.03(A)(2) left undisturbed the jurisdiction of other courts of this state to hear and determine civil actions against the state in which a claimant seeks as its "sole relief" a declaratory judgment, injunctive relief, or other equitable relief.

{¶ 33} The pleadings here demonstrate that, as articulated in the majority opinion, the claims between ES & S and Secretary of State Blackwell have been resolved, and ES & S has withdrawn from the present action.

{¶ 34} Furthermore, Hart has intervened in the case pending before Judge Crawford originally filed by ES & S, and its complaint contains three designated claims that are substantially similar to ES & S's claims: (1) a judgment declaring that Directive 2005-07 breached Secretary of State Blackwell's contract with Hart and that Blackwell had unlawfully usurped the counties' authority to choose a voting system, as well as an injunction preventing Secretary of State Blackwell from enforcing Directive 2005-07, (2) a judgment declaring that Blackwell had failed to establish a schedule for certification of voting systems and that he exceeded his authority by unlawfully imposing an unreasonable and arbitrary deadline on counties and an injunction preventing Secretary of State Blackwell from enforcing the deadlines and other directives relating to the DRE voting system, and (3) a judgment declaring that Secretary of State Blackwell is obligated to pay the full contract price to Hart. Hart's third claim essentially demands money damages for breach of contract.

{¶ 35} In civil suits containing causes of action for money damages against the state, the Court of Claims has exclusive, original jurisdiction even when ancillary relief—such as injunction or declaratory judgment—is sought in the complaint. R.C. 2743.03(A)(2) ("If a claimant in a civil action as described in division (A)(1) of this section also files a claim for a declaratory judgment, injunctive relief, or other equitable relief against the state that arises out of the same circumstances that gave rise to the civil action described in division (A)(1) of this section, the court of claims has exclusive, original jurisdiction to determine that claim in that civil action"); see, also, *Manning v. Ohio State Library Bd.* (1991), 62 Ohio St.3d 24, 30, 577 N.E.2d 650.

{¶ 36} Because of the nature of these pleadings, it is apparent to me that Judge Crawford is about to exercise authority that the General Assembly has expressly granted to the Court of Claims. Hence, the position of Secretary of State Blackwell that Judge Crawford must be prohibited from exercising that authority is in my view well taken, and I would grant the writ of prohibition.

---

Langdon & Shafer, L.L.C., and David R. Langdon; Robert A. Destro; Crabbe, Brown & James, L.L.P., Larry H. James, and James L. Ervin, for relator.

Gibson & Robbins–Penniman and J. Miles Gibson, for respondents Judge Dale Crawford and the Franklin County Court of Common Pleas.