DECISION AND JUDGMENT ENTRY
{¶ 1} Relator filed a motion for summary judgment, asserting that the Lucas County Court of Common Pleas has impermissibly granted a stay, pending a determination by the Court of Claims on the issue of whether Dr. Peter Temesy-Armos was a state employee during the alleged malpractice actions, or whether he was privately employed by Associated Physicians of MCO. Relator asserts that since no case is *Page 2 
pending before the Court of Claims and that the statute of limitations prohibits the filing of such an action, the court has, in effect, granted a permanent stay on the case before it.
 {¶ 2} Respondent have opposed that motion and have also filed a cross-motion for summary judgment, contending that only the Court of Claims has jurisdiction to determine the employment status of Dr. Temesy-Armos. Respondents further contend that relator has an adequate remedy at law, namely, a determination in the Court of Claims.
 {¶ 3} "A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." State ex rel. Weiss v. Hoover (1999), 84 Ohio St.3d 530, 532. Procedendo is a proper remedy in any case in which a court has jurisdiction but refuses to exercise it. State ex rel. Timson v.Latshutka (Feb. 11, 1997), 10th Dist. No. 96APD11-1568. It is an order from a court of superior jurisdiction to a court of inferior jurisdiction to compel the inferior tribunal to proceed to judgment. Id., citing to State ex rel. Utley v. Abruzzo (1985), 17 Ohio St.3d 203,204.
 {¶ 4} In 1975, the Court of Claims Act, R.C. Chapter 2743, was passed which waived the state's immunity from suit and created a court of claims to have exclusive, original jurisdiction over suits permitted by the act. R.C. 2743.03(A). Any actions against the state which the courts had entertained prior to the act, however, can still be maintained outside of the court of claims. R.C. 2743.02(A)(1); Racing Guild ofOhio, Local 304 v. State Racing Comm. (1986), 28 Ohio St.3d 317, 319. It is well-settled that *Page 3 
prior to the passage of the Court of Claims Act, declaratory judgment actions were permitted against the state. Friedman v. Johnson (1985),18 Ohio St.3d 85, 87. Moreover, R.C. 2743.03(A)(2) provides that "this division does not affect, and shall not be construed as affecting, the original jurisdiction of another court of this state to hear and determine a civil action in which the sole relief that the claimant seeks against the state is a declaratory judgment, injunctive relief, or other equitable relief." See, also, State v. Osborn (Oct. 5, 2001), 6th Dist. No. H-01-011.
 {¶ 5} In other words, a common pleas court possesses basic statutory jurisdiction over actions for declaratory judgment. R.C. 2727.03;State ex rel. CNG Financial Corp. v. Nadel, 111 Ohio St.3d 149,2006-Ohio-5344, ¶ 15, citing State ex rel. Blackwell v. Crawford,106 Ohio St.3d 447, 2005-Ohio-5124, ¶ 22. "The purpose of a declaratory judgment action is to dispose of `uncertain or disputed obligations quickly and conclusively,' and to achieve that end, the declaratory judgment statutes are to be construed liberally.'" Mid-American Fire andCas. Co. v. Heasley, 113 Ohio St.3d 133, 2007-Ohio-1248, ¶ 8, citingOhio Farmers Indemn. Co. v. Chames (1959), 170 Ohio St. 209, 213.
 {¶ 6} When considering actions against a state employee, if a "focal point of the complaint is [an] action for declaratory judgment seeking, for instance, interpretation of a statute or contract, then * * * the court of common pleas may maintain subject-matter jurisdiction over the action for declaratory judgment, so long as the state will suffer no prejudice by the severance of the causes of action." Morning View CareCtr.-Fulton v. *Page 4 Ohio Dept. of Job Family Servs., 158 Ohio App.3d 689, 2004-Ohio-5436, ¶ 18, citing to State ex rel. Blackwell v. Crawford, supra, at ¶ 27. Thus, R.C. 2743.02(F) applies only when a plaintiff seeks compensation from the state for the alleged actions of a state employee acting within the scope of that employment.
 {¶ 7} In our view, when a plaintiff sues a dual-status employee (both privately and state employed) solely upon the basis of the defendant's non-state employee status, then the initial determination of the employee's status during the alleged injury becomes more in the nature of a declaratory judgment. Since the plaintiff is not seeking compensation from the state, a common pleas court retains jurisdiction to determine whether the defendant was acting within the scope of his duties as a private employee, because the state would not be prejudiced. See Scot Lad Foods, Inc. v. Secy. of State (1981), 66 Ohio St.2d 1, 7-8
(exclusive jurisdiction does not lie with court of claims and state court has jurisdiction where action does not seek to control state action or to subject the state to liability).
 {¶ 8} In this case, relator's complaint in the trial court sought recovery only from Associated Physicians and Dr. Temesy-Armos on the basis of his private employment. Thus, the determination of the scope of his private employment status is within the exceptions provided by R.C.2743.03(A)(2) and no prejudice will occur to the state. As a result, we conclude that the Court of Claims does not have exclusive jurisdiction and respondent retains jurisdiction to determine the employment status of Dr. Temesy-Armos. *Page 5 
Therefore, respondent improperly granted a stay, pending such determination by the Court of Claims.
 {¶ 9} Accordingly, as a matter of law, relator's motion for summary judgment is well-taken and granted. Respondents' motion for summary judgment is not well-taken and is denied. Relator's request for writ of procedendo is granted. Respondent Hon. Gene A. Zmuda is ordered to vacate the stay and to proceed in accordance with this decision. Court costs of this action are assessed to respondents. To the clerk: Serve upon all parties notice of the judgment and its date of entry upon the journal.
PETITION GRANTED.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1